IN THE UNITED SATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE STANLEY,

    Plaintiff,

v.                                          Case No. 14-cv-550 JB/SCY

COUNTY OF BERNALILLO BOARD OF
COMMISSIONERS, TOM ZDUNEK, and
RAMON C. RUSTIN,

    Defendants.

## PROPOSED FINDING AND RECOMMENDED DISPOSITION

This employment discrimination lawsuit involves allegations that Defendants wrongfully terminated Plaintiff for his state-authorized use of medical marijuana. *Doc. 1*, Ex. A. On January 15, 2015, Plaintiff moved to file a second amended complaint withdrawing his federal claims and asserting only state law claims under the New Mexico Human Rights Act and the Lynn and Erin Compassionate Use Act. *Doc. 26*. Defendants opposed this Motion (*Doc. 32*), but filed a separate motion to dismiss Plaintiff's current complaint, including Plaintiff's federal claims (*Doc. 30*). Because Plaintiff does not oppose the dismissal of his federal claims, I recommend that the Court grant Defendants' Motion to Dismiss as to the federal claims and remand the remaining state law claims to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**I.**    **Procedural History**

Defendants removed this lawsuit to federal court on June 13, 2014 on the basis of federal question jurisdiction. *Doc. 1*. On July 14, 2014, Plaintiff moved to remand the case to state court (*doc. 12*) and, at the Initial Scheduling Conference held on August 14, 2014, the Court orally denied this Motion. *Doc. 20.* On August 20, 2014, the New Mexico Supreme Court disbarred Plaintiff's counsel, Paul Livingston, from the practice of law. *In re Paul Livingston, Esq.*, New

1

Mexico Supreme Court Case No. 30,185, Disciplinary No. 08-2013-671 (August 20, 2014). Several months later, in early December 2014, Plaintiff obtained a new attorney – Jeremy Theoret.[1] *Doc. 23*. Upon review of the case, Mr. Theoret determined that Plaintiff would be best benefited by narrowing the focus on the lawsuit to two state law claims. *Doc. 26 at 2*. As a result, he filed the Motion to Amend that is presently pending before the Court. *Id.* Defendants opposed this Motion on the basis that the two state law claims contained in the proposed amended complaint were futile. *Doc. 32*. Despite the fact that Plaintiff had already moved to withdraw the federal claims, Defendants also filed a separate motion to dismiss and memorandum brief devoted in part to explaining why Plaintiff's federal claims were non-meritorious. *Docs. 30-31*. Unsurprisingly, in response to this Motion, Plaintiff pointed out that his proposed amendment "would dispose of most of the claims which Defendants seek to have dismissed" and explained that he would not "waste the Court's or Defendants' time arguing for the preservation of claims which [he] is not seeking to maintain." *Doc. 34* at 4.

## II.     Standard of Review

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court must identify the adequately pleaded factual allegations contained in the complaint, disregarding any unsupported legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Next, having identified the adequately pleaded facts, the Court "should assume

---

[1] Mr. Theoret has since withdrawn as counsel and Plaintiff now appears *pro se*. *Doc. 49*.

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. In making this determination, the court views the complaint in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

### B. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." In deciding how to use its discretion in this matter, a court must consider principles of judicial economy, fairness, convenience and comity. *Merrifield v. Bd. of County Comm'rs*, 654 F.3d 1073, 1085 (10th Cir. 2011); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). Generally, however, the preferred course upon pretrial resolution of federal claims is dismissal or remand of state claims, as "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball*, 54 F.3d at 669; *see also Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (internal citation omitted); *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) ("[I]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (internal citation omitted).

### III.   Analysis

The parties agree that the Court should dismiss Plaintiff's federal claims: Plaintiff has moved to withdraw these claims, Defendants have moved to dismiss these claims, and Plaintiff

has reiterated that he is no longer pursuing these claims. I, therefore, recommend that the Court grant the portion of Defendant's motion to dismiss that pertains to Plaintiff's federal claims. With regard to the remaining state law claims, I recommend that the Court decline supplemental jurisdiction and remand the case to state court on the basis that the Court lacks original jurisdiction over any of the remaining state law claims. In addition to remand being the normal course when the Court lacks original jurisdiction, Plaintiff's particular claims under the New Mexico Human Rights Act present thorny issues of New Mexico law that a state court should be allowed to resolve. *Doc. 26, Ex. A* (raising issue of whether employee who has permission under state law to use marijuana for medical reasons may be terminated under the New Mexico Human Rights Act for this use).  Given that this case currently has no trial setting, I see little justification to retain control over the case. *See Merrifield*, 654 F.3d at 1086 (acknowledging that dismissal of state law claims would require duplication of briefing, but finding that the comity interest in letting the state court decide novel questions of state-law clearly predominated).  Therefore, I recommend that the Court grant Defendants' motion to dismiss as it relates to Plaintiff's federal claims and remand the case to state court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**