IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE STANLEY,

    Plaintiff,

vs.                                                               No. CIV 14-0550 JB/SCY

COUNTY OF BERNALILLO
COMMISSIONERS, TOM ZDUNEK, and
RAMON C. RUSTIN,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition, filed June 11, 2015 (Doc. 51)("PFRD"), of the Honorable Steven C. Yarbrough, United States Magistrate Judge for the District of New Mexico. In the PFRD, Judge Yarbrough advised the Court to: (i) grant the Defendants' Motion to Dismiss, filed January 29, 2015 (Doc. 30)("MTD"), as it relates to Plaintiff Augustine Stanley's federal claims: and (ii) remand Stanley's remaining claims to the Second Judicial District Court, County of Bernalillo, State of New Mexico. See PFRD at 1. Stanley did not file any objections to the PFRD. The Defendants, however, filed timely objections to the PFRD, explaining that they did not oppose the dismissal of Stanley's federal claims, but they object to the recommendation that the Court remand the state law claims. See Defendants' Objections to Proposed Finding and Recommended Disposition, filed June 29, 2015 (Doc. 52)("Objection"). Because all parties have agreed to the dismissal of the federal claims, see Response in Opposition to Defendants' Motion to Dismiss, filed February 13, 2015 (Doc. 34)("Response"); Objection at 1, the Court will adopt the Judge Yarbrough's recommendation that the MTD be granted with regard to these claims. As for the

Defendants' objections to the remand of the state law claims, the Court has considered the issue de novo and agrees with the Judge Yarbrough that principles of judicial comity weigh in favor of remand. The Court will, therefore, adopt the PFRD in its entirety and remand Stanley's state claims to state court.

## PROCEDURAL BACKGROUND

On February 6, 2014, Stanley filed this lawsuit in state court alleging that the Defendants discriminated against him in violation of state law when they fired him from his job as a detention officer because of his state-authorized use of medical marijuana. In the original Complaint of Violations of the New Mexico Human Rights Act, filed in state court February 6, 2014, filed in federal court June 20, 2014 (Doc. 4-1), Stanley brought claims solely under New Mexico law -- specifically, the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-1 to -15, the Lynn and Erin Compassionate Use Act, N.M. Stat. Ann. § 26-2B-2, and New Mexico common law. On May 1, 2014, Stanley moved to amend his complaint to "state . . . additional claims rising [sic] out of his termination." Motion to Amend Complaint ¶ 4, at 2,[1] filed in state court May 1, 2014, filed in federal court June 20, 2014 (Doc. 4-1). The state court granted this motion, and Stanley proceeded to file an amended complaint, see First Amended Complaint for Violations of Statutory and Constitutional Rights and Petition for Extraordinary Relief, filed in state court June 10, 2014, filed in federal court June 13, 2014 (Doc. 1-1)("Amended Complaint"), that listed five counts: (i) a claim of statutory immunity under the Lynn and Erin Compassionate Use Act, (ii) a claim under the Fourth Amendment to the Constitution of the United States, (iii) a generic due process claim, (iv) a grouping of federal statutory claims under

---

[1] The quoted text is found at page 32 of CM/ECF document number 4-1 -- the pagination of which is found at the top-right corner of the page -- and at page 2 of the Motion to Amend Complaint -- the pagination of which is at the bottom center of the page.

Title VII and the Americans with Disabilities Act, 42 U.S.C. § 12112(a); and (v) a "petition for extraordinary writ," Amended Complaint at 49, 60-62.  Additionally, while not formatted as a separate count, in the Amended Complaint, Stanley continued to maintain that the New Mexico Human Rights Act required the Defendants to accommodate his marijuana usage.  Amended Complaint at 56-57.  In light of Stanley's novel federal claims, the Defendants removed the lawsuit to federal court.  See Notice of Removal of Action by Defendants Pursuant to 28 U.S.C. Sections 1331, 1441, 1443, and 1446, filed June 13, 2014 (Doc. 1).

Not long thereafter, the New Mexico Supreme Court disbarred Stanley's attorney. Memorandum of Attorney Disbarment as to Paul Livingston, filed August 26, 2014 (Doc. 19). Stanley then retained a new attorney who determined that Stanley should withdraw his federal claims and simplify his state law claims.  See Motion for Leave to File Second Amended Complaint at 2, filed January 15, 2015 (Doc. 26).  To this end, on January 15, 2015, Stanley moved to amend his Amended Complaint to assert only claims under the New Mexico Human Rights Act and the Lynn and Erin Compassionate Use Act.  The Defendants opposed the proposed amendment as futile, both as a matter of statutory interpretation and based on the doctrine of federal preemption.  See Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint, filed January 29, 2015 (Doc. 32).  The Defendants also filed a motion to dismiss the federal and state law claims in Plaintiff's outstanding complaint.  See MTD at 1.  Stanley responded to the MTD by confirming that he was no longer pursuing any federal claims against the Defendants.  See Response at 1-2.  Stanley refused to concede, however, that his proposed state law claims lacked merit.  Instead, he countered that, while the New Mexico courts have not ruled on the issue of employment protection for those who use medical marijuana, a New Mexico court would likely rule that public employers cannot

discriminate against valid medical marijuana users.  See Response at 5-6.  Stanley pointed out that the case law that the Defendants cite all involve private employers, which could be a distinguishing factor given the specific language of the Lynn and Erin Compassionate Use Act.  See Response at 4.

## LAW REGARDING SUPPLEMENTAL JURISDICTION

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  Federal courts "possess only that power authorized by [the] Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal-question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction.  See 28 U.S.C. §§ 1331-32.  Additionally, Congress has conferred upon federal district courts the ability to exercise supplemental jurisdiction over claims that are part of the same case or controversy as a claim over which the court exercises original jurisdiction.  See 28 U.S.C. § 1367.

Congress' supplemental jurisdiction statute provides that district courts may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). As this language plainly indicates, supplemental jurisdiction must be exercised unless one of the above circumstances occurs. See McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994)("The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein."); Exec. Software N. Am. v. U.S. Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994)("[I]t is clear that Congress intended the exercise of discretion to be triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories."); Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)("[S]upplemental jurisdiction must be exercised in the absence of any of the four factors of section 1367(c)."). On the other hand, if one of the four § 1367(c) factors is present, "supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion." Estate of Harshman v. Jackson Hole Mt. Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004). Nonetheless, when all claims over which a federal court exercises original jurisdiction have been resolved, the strong preference is to remand the remaining claims to state court. See Merrifield v. Bd. of Cnty. Comm'rs, 654 F.3d 1073, 1085 (10th Cir. 2011); Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011)("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (citation omitted)); Brooks v. Gaenzle, 614 F.3d 1213, 1229 (10th Cir. 2010)("[I]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (citation omitted)); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995)("[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice."). As the Tenth Circuit has explained, "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." Ball v.

Renner, 54 F.3d at 669.  In all cases, district courts should seek to exercise (or not exercise) supplemental jurisdiction to vindicate values of economy, convenience, fairness, and comity. Merrifield v. Bd. of Cnty. Comm'rs, 654 F.3d at 1085; Ball v. Renner, 54 F.3d at 669.

## ANALYSIS

In the Objection, the Defendants argue that the Court should retain jurisdiction over Plaintiff's state law claims "based upon the doctrine of preemption."  Objection at 2.  The Defendants specifically contend that "it is proper for the Court to retain jurisdiction to decide state law claims [when preemption is implicated] even though the federal claims must be dismissed."  Objection at 3.  It is possible to construe this argument in one of two ways: (i) that the Court possesses original jurisdiction over Stanley's state-law claims and has no authority to dismiss these claims under § 1367; or (ii) alternatively, that the Court should exercise its discretion under § 1367 to retain supplemental jurisdiction over Stanley's claim, because a resolution of these claim implicates federal interests.  The Court believes that the second reading is the better one, as the Defendants never disputed Judge Yarbrough's findings that the Court lacks original jurisdiction over the claims.  Nor do the Defendants mention preemption in their notice of removal as one of the bases for federal jurisdiction.  See Notice of Removal at 1.

Moreover, the Defendants' preemption defense does not, as a matter of black letter law, confer original jurisdiction on the Court over Plaintiff's state law claims.  See Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012)("Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law" for the purposes of federal question jurisdiction.); Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1204 n.4 (10th Cir. 2012)(explaining that an ordinary preemption defense "does not render a state-law claim removable to federal

court"). While there is an exception in cases of "complete preemption," Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d at 1204, this exception is not applicable to the case at hand. Complete preemption is rare and only applies where Congress has expressed an intent to "completely to displace all state law on [a] given issue and comprehensively to regulate the area." Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d at 1205. The Defendants have not identified, and the Court is not aware of, any case law that would support a claim that Controlled Substances Act ("CSA") completely preempts Stanley's state-law claims in this manner. For all of these reasons, the Court will adopt Judge Yarbrough's recommendation that the Court lacks original jurisdiction over Plaintiff's state law claims.

The only remaining issue then is whether the Court should use its discretion to retain or decline jurisdiction over the state-law claims. As Judge Yarbrough emphasized in his PFRD, in cases such as this one, where the original jurisdiction claims have been resolved, there is a strong preference in favor of remanding the state law claims. The Court recognizes that countervailing interests -- such as an interest in efficiency or an interest in allowing a federal court to issue rulings regarding federal preemption -- may outweigh this preference. See New Mexico v. GE, 467 F.3d 1223, 1242 n.29 (10th Cir. 2006)(acknowledging that the effect that federal law might have on the scope of a state law claim can weigh in favor of retaining supplemental jurisdiction over this state law claim); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998)("[O]ne factor that may sometimes favor retaining [supplemental] jurisdiction is when a state claim is closely tied to questions of federal policy and where the federal doctrine of preemption may be implicated."). Thus, to the extent preemption is at issue in this case, it is certainly within the Court's discretion to retain jurisdiction over the remaining claims. But, it is also within the Court's discretion to remand Stanley's state law claims to state court. Klein & Co. Futures, Inc.

v. Bd. of Trade, 464 F.3d 255, 263 (2d Cir. 2006)("Because the decision to retain jurisdiction is discretionary and not a litigant's right, a court is not required either to accept or decline supplemental jurisdiction when a state law claim raises federal preemption issues.").

Here, the Court agrees that remand is the more appropriate course because significant issues of state law enjoy logical priority over the Defendants' federal-preemption defense. Specifically, whether federal law preempts Stanley's state law claims depends on how the Court interprets the New Mexico Human Rights Act and the Lynn and Erin Compassionate Use Act. If the Defendants are correct that (i) the Lynn and Erin Compassion Use Act does not create viable cause of action in the employment context, see Objection at 4; and (ii) the New Mexico Human Rights Act unambiguously bars claims that an employer terminated an employee based on a violation of federal law, see Objection at 7, then Stanley's claims are legally groundless as a matter of state law and cannot, therefore, properly be said to be preempted by federal law. In other words, the Defendants' federal-preemption defense is necessarily intertwined with issues of state law, the resolution of which could independently resolve this case.

In this regard, the Court notes that, while the Defendants emphasize "preemption" in their Objection, many of the cases they cite support the position that Stanley's state-law claims fail as a matter of law do not, in fact, involve or turn on CSA preemption. See Coats v. Dish Network, LLC, 2015 CO 44 (Colo. 2015); Casias v. Wal-Mart Stores, Inc., 764 F. Supp. 2d 914 (W.D. Mich. 2011); Johnson v. Columbia Falls Aluminum Co., LLC, 2009 MT 108N; Ross v. Ragingwire Telecommunications, Inc., 132 Cal. App. 4th 590 (Cal. App. 3d Dist. 2005); Pernice v. City of Chicago, 237 F.3d 783 (7th Cir. 2001). In each of these opinions, the deciding court rejected the plaintiff's claims that state anti-discrimination laws prohibit private employers from terminating employees for state-authorized medical marijuana usage as a matter of statutory

interpretation, and not on federal-preemption grounds. As the Defendants argue, it is possible that the New Mexico courts would adopt this reasoning as it relates to their own state employment and marijuana laws. Yet, this result is not certain. Because no New Mexico case law exists on this issue, there is a strong comity interest in allowing New Mexico courts to address the merits of Stanley's state-law claims. The Court acknowledges that remanding this case entails remanding a potential issue of federal law. This is, however, consistent with the congressional decision not to extend federal jurisdiction to cases where a defendant raises a federal-preemption defense. The mere existence of the Defendants' federal-preemption defense does not negate the strong preference for remanding state-law claims to state courts.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed June 11, 2015 (Doc. 51), are adopted; (ii) the federal claims -- Counts 2, 3, and 4 -- in the First Amended Complaint for Violations of Statutory and Constitutional Rights and Petition for Extraordinary Relief, filed in state court June 10, 2014, filed in federal court June 13, 2014 (Doc. 1-1), are dismissed without prejudice; and (iii) this case is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Party and counsel*:

Augustine Stanley
Albuquerque, New Mexico

      *Pro se Plaintiff*

Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*